[No. 2300.]

### George Coker v. The State.

1. Assault—Aggravated Assault.—In sub-division 3, of Article 489, the Penal Code enacts that the "use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault." It seems that if such use of such a weapon was calculated to alarm another, it constitutes an assault, though it does not appear that the other party was alarmed thereby.

2. Same—Case Stated.—Appellant was convicted of aggravated assault upon one B, upon evidence which showed that he and B had an altercation and were about to fight, and that appellant, with an open pocket knife in his hand, capable of inflicting death, threatened to cut B, and was taken away by his friends to prevent him from making the attack. *Held*, that the proof warranted the conviction, and the judgment is affirmed.

APPEAL from the County Court of Wood. Tried below before the Hon. H. M. Cate, County Judge.

Appellant was convicted on an information which charged that on June 28, 1885, he committed an aggravated assault on the person of Cal Banty by drawing and striking at said Banty with a certain knife, a deadly weapon, and displaying the same in an angry and threatening manner. A fine of twenty-five dollars was the punishment awarded against appellant by the verdict and judgment.

John Vickers, the first witness for the State, testified that he was present, on June 28, 1885, when a difficulty occurred between the appellant and Calvin Banty at Pleasant Hill church, in Wood county. Witness's attention being called to the fact that there was a "row up," he went out to where appellant and Banty were, and found them facing each other about eight or ten feet apart. Appellant had his coat off, and held his open knife in his hand down by his side. He said he would cut Banty with his knife if Banty came on him. Witness took hold of appellant's arm, and told him not to have a difficulty—that it would get him into trouble—and appellant, after a time, turned and walked off with witness. Appellant did not advance toward Banty, and made no attempt to strike him.

A. J. Hathcock, for the State, testified that he was present at the difficulty between appellant and Calvin Banty. Appellant stood from six to eight feet from Banty, and had his coat off and his knife open in his hand. Banty had his coat off and was facing appellant. Several persons were between them. Clinton Coker had hold of appellant, who was using threats and said he would cut Banty. His knife was a good large pocket knife, and he could have killed Banty with it, but he made no effort to strike with it, and did not advance on Banty.

Dallas Clayton, for the State, testified that when he reached the place of the difficulty the appellant, with his knife open, was standing six or seven feet from Banty. Mr. Hale and Clinton Coker had hold of the appellant. The knife was a common pocket knife, and the witness thought the appellant could have killed Banty with it. Appellant used opprobrious epithets against Banty, and said he would cut him, but made no attempt to strike him with the knife, and did not advance upon him. Banty had his coat off, and at one time advanced a little towards appellant. Some persons were between them. The State closed in chief.

John Coker, for the defense, testified that he was present at the difficulty. The appellant, with his knife open in his hand, which was down by his side, stood about ten or fifteen feet from Banty, and had his coat off. Witness put his hands on appellant's shoulder, and the latter threw down his knife, which was picked up by some one. Appellant did not advance towards Banty. Witness was a brother of the appellant.

S. Galbraith, for the defense, testified that he was present at the difficulty. A great deal was said by Banty and the appellant. The latter stood about six to eight feet from Banty, facing him, and with his knife open. He said he would cut the d—d son of a bitch. There were persons who had hold of appellant.

For the State, in rebuttal, A. Kirkpatrick testified that he was present at the difficulty. He stepped up to Banty and told him not to fight with that knife. Banty said he would not, and put on his coat. Several persons were between the beligerents, and Clinton Coker and Hale had hold of the appellant, who had his knife open and was using threats towards Banty.

D. W. Crow, for the appellant.

J. H Burts, Assistant Attorney General, for the State.

White, Presiding Judge. Under the statutory definition of what is meant by the expression, "coupled with ability to commit" an assault, it is provided by the latter clause of sub-division 3, Article 489, of the Penal Code, that the "use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault."

Appellant and Banty had an angry altercation—were about to fight. Appellant had a drawn knife in his hand, a deadly weapon, and said he would cut Banty. Such action on his part was "calculated" to alarm Banty, even if it did not. It is further shown by the evidence that the appellant's friends interposed and took hold of him to prevent him from making the assault. We are of opinion the facts warrant a conviction for aggravated assault under the provisions of our code, and the judgment is affirmed.

*Affirmed.*