ROBERT J. JOHNSON V. JOSEPH L. FLINT ET AL.

No. 2661.

1. **Practice in Supreme Court.**—It devolves upon appellant to call the attention of this court to the rulings of the court below of which he complains. The rules plainly point out the manner in which he shall do this.

2. **Not Guilty in Trespass to Try Title.** — Under the plea of not guilty in trespass to try title the statute of frauds may be invoked as a defense when applicable, as under the plea any defense can be made save that of limitation. Rev. Stats., art. 4793.

3. **Newly Discovered Evidence—New Trial.**—Upon a motion for new trial upon ground of newly discovered evidence, it must be shown that there was no want of diligence in not producing it upon the trial, and that it is material. See facts wanting in both.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*Robert G. Johnson,* for appellant. — 1. The judgment should have been in favor of plaintiff. The statute of frauds must be invoked to be available as a defense. Switzer v. Skiles, 3 Gill., 529; Story Eq. Pl., sec. 763.

2. Plaintiff should have had a new trial. The deed of release attached to plaintiff's motion recites a sale of the land in controversy by Boaz to Williams for a valuable consideration, and said recitals are valid evidence as against defendants of plaintiff's title. If defendants have any title it is by virtue of the order of the County Court of Tarrant County recited in said deed, but not introduced in evidence by them. Box v. Lawrence, 14 Texas, 555; Hardy v. De Leon, 5 Texas, 343; Hancock v. Lumber Co., 65 Texas, 233.

3. The recitals of said deed of release estop defendants from denying the title of J. N. B. Williams, plaintiff's testator. Parker v. Campbell, 21 Texas, 763; Kimbro v. Hamilton, 28 Texas, 566; Hancock v. Lumber Co., 65 Texas, 233; Osborne v. Endicott, 6 Cal., 149; 1 Greenl. on Ev., sec. 23.

*Pendleton, Chapman & Powell,* for appellees.

ACKER, PRESIDING JUDGE.—Appellant brought this suit as guardian of the estate of Minnie R. Williams, a minor, against appellees to recover an undivided one-half interest in thirteen and one-third acres of land, and for partition.

Defendants pleaded not guilty.

The trial was without a jury and resulted in a judgment for defendants.

The assignments of error are not contained in the brief, which was filed before the amendment to Rule 29 took effect. 68 Texas, 10.

The brief of appellant presents the following propositions "under the first assignment of error:"

"1.    The execution of the instrument offered in evidence as a memorandum of sale was properly proved.

"2.    The terms of said instrument make it a sufficient memorandum of the sale of the land in controversy by David Boaz to J. N. B. Williams to bring it within the requirements of the statute of fraud.

"3.    The recitals of said instrument show that Williams was a tenant in common with Boaz of the land itself."

Under the first of these propositions the following statement is made:

"C. C. Cummings testified that he drew and signed said instrument by authority of David Boaz and at his request, and that the facts set forth in said instrument were furnished him by said Boaz."

No statement is made under either of the other propositions.

It does not appear, even inferentially, from the brief by whom this instrument was offered, or for what purpose, or what objection was made to it, if any, or whether the court ever made any ruling in regard to it.

It devolves upon appellant to call the attention of this court to the rulings of the court below of which he complains, and the rules plainly point out the manner in which he shall do this.

We think it obvious that these propositions do not point out any particular ruling of the court below.    Rules 29, 31; Mynders v. Ralston, 68 Texas, 499.

The brief contains the following "proposition under second assignment:"    "The judgment should have been in favor of plaintiff.    The statute of frauds must be invoked to be available as a defense."

Under the plea of not guilty, the defendants had the right to interpose any defense except limitation.    Rev. Stats., art. 4795.

By a proposition "under the third assignment," it is contended that plaintiff's motion for new trial should have been granted, because "the deed of release attached to plaintiff's motion recites a sale of the land in controversy by Boaz to Williams for a valuable consideration, and said recitals are valid evidence as against defendants of plaintiff's title."

There is no statement under this proposition, but we find from an examination of the record that the release referred to was duly recorded in Tarrant County several years before this suit was brought, and the motion does not show any reasonable excuse for the failure to use it in evidence on the trial, if it was thought important to do so.    The motion states that the existence of the instrument was not known to plaintiff at the time of the trial, and that plaintiff had examined the records for instruments of writing affecting the land in controversy, but failed to discover it.    No reason is stated for the failure to discover the record of the instrument.    It appears to have been regularly recorded, and if so, the exercise of ordinary diligence would have disclosed its existence.    To

authorize granting a new trial on the ground of newly discovered evidence, it must appear that the party seeking it has exercised proper diligence, and that the failure to produce the evidence on the trial was not due to any neglect on his part.

The newly discovered evidence must also be material. It appears from the recitations of the release referred to that the plaintiff's minor ward inherited from her father a half interest in the land, which he held under parol contract of purchase, and that her interest was sold by authority of an order of the Probate Court, on a credit of one year, the purchase money note being secured by lien against the land, and that the purchase money note was paid to her guardian, and the instrument referred to was his release of the lien against the land. If the instrument would have proved that the minor ward of plaintiff had once owned a half interest in the land, it would also have proved that that interest had been disposed of, and that her estate received the proceeds.

We think the motion for new trial was insufficient, both upon the ground of diligence and materiality of the newly discovered evidence, and that there was no error in overruling it. We find no error in the record, and are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted December 10, 1889.