## J. D. Dupuy v. G. W. Burkitt.

### No. 3042.

1. **Practice—Charge.**—Where but one issue is made by the testimony, although others are made by the pleadings, it is proper that the charge be confined to the issue made by the evidence and to refuse charges as to other issues not so made.

2. **Mortgage by Insolvent Sustained.**—An insolvent debtor executed to a creditor a mortgage with power to sell a saloon, with stock, fixtures, etc., giving possession, with authority to sell for cash and to pay expenses of the trust and the debt, and if there should be an excess over paying the debt of the mortgagee it was to be paid to the mortgagor. The mortgagee sold and there was no excess. The sale is sustained against suit by an assignee under a subsequent assignment made by the mortgagor.

Appeal from Anderson. Tried below before Hon. F. A. Williams. The opinion states the case.

*Gammage & Gammage*, for appellant.— 1. Where the pleadings present several issues, and a verdict of the jury is sought as a basis for a decree, the issues should be distinctly put by the judge in his charge to the jury, and herein the court should instruct the jury as to the legal effect of a document put in evidence.

2. The charge of the court should be so framed as to present to the jury the issues made by the pleadings if there be any evidence under them. Rev. Stat., art. 1317; Rule 60 for Dist. Cts.; Hedgepeth v. Robertson, 18 Texas, 871; San Antonio v. Lewis, 9 Texas, 71; Hall v. Layton, 10 Texas, 61; Stegall v. McKellar, 20 Texas, 268; Railway v. Underwood, 64 Texas, 463.

3. If the deed of trust shows an intent to secure some benefit to the grantor or withhold some right from creditors, and such intent is expressed in the instrument, or in it was contained a trust or benefit for grantor in any way, the court under the pleadings should have charged the jury it was void as to plaintiff and the creditors of J. J. Murphy for whose use this suit was brought. Burr. on Ass., 171; Bailey v. Mills, 27 Texas, 437; Belt v. Raguet, 27 Texas, 479; Humphries v. Freeman, 22 Texas, 49–52.

4.  The effect of a provision in a mortgage that the mortgagee may sell the goods in due course of trade and for cash or otherwise would be to hinder and delay creditors, and this would render the mortgage void as to such creditors.  Gallagher & Co. v. Goldfrank, Frank & Co., 75 Texas, 562; Elser v. Graber, 69 Texas, 222.

5.  The court erred in refusing to give in charge to the jury, as asked by plaintiff, that "the chattel mortgage from Murphy to Burkitt reserves an interest in said Murphy to said property after the payment of Burkitt's debt, and the jury are instructed that if at the making of said chattel mortgage with said reservation said Murphy was insolvent and owing debts beyond his ability and means to pay, and said Burkitt knew that fact at the time of making said mortgage, the said mortgage would be void, and the jury will find for Dupuy the value of the goods in schedule A to plaintiff's petition and interest at 8 per cent from conversion."  Bailey v. Mills, 27 Texas, 437; Belt v. Raguet, 27 Texas, 479; Humphries v. Freeman, 22 Texas, 49; Gallagher v. Goldfrank, 75 Texas, 562; Elser v. Graber, 69 Texas, 222; Haas v. Kraus, 75 Texas, 106.

6.  If the conveyance from Murphy to Burkitt was made when Murphy was insolvent, and the instrument gave Burkitt power to carry on the business in his discretion and was made to secure Burkitt's debt, and the pleadings allege this as calculated to hinder and delay Murphy's other creditors, and was a fraud, then the question of fraud should have been submitted to the jury.  Bump. on Fraud. Con., 415; Haas v. Kraus, 75 Texas, 106; Jackson v. Hardy, 65 Texas, 710; Baldwin v. Peet, 22 Texas, 710.

*Gregg & Reeves*, for appellee.— 1.  An insolvent may prefer a creditor by mortgage on stock of goods, authorizing the creditor to sell until the debt is paid and pay over any balance remaining to maker.  Stiles v. Hill, Fontaine & Co., 62 Texas, 429; Watterman v. Silberberg, 67 Texas, 100; Scott v. McDaniel, 67 Texas, 315.

2.  The assignee under a general assignment has no right to impeach a prior mortgage of assignor except as authorized by statute, and the statute gives no such authority in the case supposed by appellant's propositions.  Keller v. Smalley & Harris, 63 Texas, 520, 521.

3.  A deed of trust authorizing a sale of goods in due course of trade and for cash would not be to delay creditors and would not affect the validity of the mortgage.  Stiles v. Hill, Fontaine & Co., 62 Texas, 429; Bank v. Lovenberg, 63 Texas, 507; Watterman v. Silberberg, 67 Texas, 100; Scott v. McDaniel, 67 Texas, 315; Ellis v. Valentine & Son, 65 Texas, 532.

4.  A trust deed upon a stock of goods given by an insolvent is not void because the creditor had notice of the insolvency and is empowered "to conduct said saloon and sell for cash only" and to return to the maker

any balance which may remain after the payment of the debt.    Neither is such deed void if given by one not insolvent or to one without notice of insolvency.

5.    A charge should not submit an issue not made by the pleadings or one which is not based on the evidence.

HENRY, ASSOCIATE JUSTICE.—J. J. Murphy was the owner of a saloon outfit and was engaged in selling drinks by retail.

On the 21st day of December, 1888, he was insolvent, and among others owed a large debt to G. W. Burkitt.

On that day he executed a mortgage upon his entire stock to secure the debt due to Burkitt, by which he authorized Burkitt to take possession of the property and sell it, and with directions to apply the proceeds resulting from the sale to the payment of the expense of executing the mortgage and to the discharge of Burkitt's debt, and to pay any balance that might remain to the mortgagor.

The evidence shows that Burkitt was placed in the actual and exclusive possession of the property mortgaged.

Shortly after the execution of the mortgage and the change of possession of the goods Murphy executed a general assignment of all of his property, and the appellant Dupuy was appointed assignee.

The assignee, after his qualification, demanded the possession of the property of Burkitt, and that being refused he brought this suit to recover its value.

We think that the evidence clearly and conclusively shows that the goods were delivered by the mortgagor to the mortgagee when the mortgage was executed and before the date of the assignment, and that they were sold in pursuance of the mortgage without bringing enough to discharge the mortgage debt.

Appellants complain that "the court erred in its charge to the jury in confining the jury to the consideration of one issue only, and holding therein that the validity or invalidity of the mortgage trust deed from J. J. Murphy to G. W. Burkitt depended solely upon the finding from the evidence whether at the time of the execution of the trust deed there was any contract, understanding, agreement, or intention between Burkitt and Murphy that Murphy should continue in the possession of the goods described in the same, and continue in the control of the business by sale of the goods, while the pleadings of the parties and the facts proved presented other issues, and the validity of said mortgage was attacked on other grounds in law and set out in the pleadings and supported by the proof."

In fact the charge did limit the issue to the one question suggested in the assignment, and if the pleadings and evidence showed that there was another issue in the cause the charge was erroneous as is contended. We think, however, that the charge was upon the only issue that was sup-

ported by any evidence, and that it was a full and correct presentation of the cause to the jury.

The plaintiff requested the court to give the following charge: "The chattel mortgage from Murphy to Burkitt reserves an interest in said Murphy to said property after the payment of Burkitt's debt, and the jury are instructed that if at the making of said chattel mortgage with said reservation said Murphy was insolvent and owing debts beyond his ability and means to pay, and said Burkitt knew that fact at the time of making said mortgage, the said mortgage would be void, and the jury will find for Dupuy the value of the goods in schedule A to plaintiff's petition and interest at 8 per cent from conversion." The court did not commit error by refusing this charge.

The appellant urges that "The court erred in refusing to charge as requested by plaintiff in his second special charge asked, that if you find from the evidence that at the time Murphy executed to Burkitt the chattel mortgage described he was contemplating an assignment, and G. W. Burkitt or his agent knew that Murphy was contemplating an assignment and accepted the mortgage knowing it was intended to defeat the operation of the assignment law, said mortgage is void in law, and you will find for the plaintiff, for the reason that the evidence is positive and uncontradicted that such was the intention of Murphy and such was known to Burkitt and his agent." If the evidence had justified it this charge should have been given. But we find in the record no evidence tending to show that when the mortgage was made Murphy was contemplating making an assignment.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered October 31, 1890.