## IKLAND v. IKLAND.

(Court of Civil Appeals of Texas. Galveston. June 16, 1911.)

**1. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.**

The court should not charge on a question raised by the petition, unless there is evidence tending to prove the allegations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 596; Dec. Dig. § 252.*]

**2. EVIDENCE (§ 317*)—HEARSAY.**

A question as to what reason a third person, who directed witness to notify a tenant to vacate, assigned for his action called for hearsay evidence, and was properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

**3. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.**

A verdict on conflicting evidence is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

**4. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.**

A new trial for newly discovered evidence was properly refused, where the application did not show any diligence to discover it, or why it was not known to applicant in time to be available at trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

Appeal from District Court, Polk County; L. B. Hightower, Judge.

Action by John A. Ikland against Vera Ikland. From a judgment for defendant, plaintiff appeals. Affirmed.

F. Campbell, for appellant. Cade Bethea, for appellee.

McMEANS, J. John A. Ikland brought this suit against Vera Ikland, his wife, for a divorce, alleging grounds which, if proven, entitled him to a judgment. He also prayed for the custody of the child John, an issue of the marriage of plaintiff and defendant. Defendant, Vera Ikland, answered by general denial, and filed a cross-action against plaintiff for a divorce, alleging grounds which, if proven, entitled her to a judgment. She also prayed for the custody of the child. The case, in so far as the divorce suit was concerned, was tried before a jury, and resulted in a verdict and judgment for appellee, Vera Ikland. The matter of awarding the custody of the child was reserved to the discretion of the court, and after hearing evidence as to the qualifications, ability, and fitness of the respective parents the court awarded the custody of the child to the mother, Vera Ikland, and entered judgment accordingly. Plaintiff, John Ikland, has appealed.

[1] By his second assignment of error, submitted as a proposition, appellant complains of the failure of the court to charge the jury upon one of the grounds for divorce alleged by him. In the statement subjoined to the assignment, he asserts that the particular ground was alleged in his petition. The statement does not show, or attempt to show, that any evidence tending to prove the allegation was adduced on the trial. It is well settled that the charge must be applicable to the case as made by the evidence, and the court is not authorized to charge on a phase of a case made by the pleadings, unless there is evidence tending to prove such allegations. Fordtrau v. Ellis, 58 Tex. 252; Wootters v. Kauffman, 67 Tex. 495, 3 S. W. 465; Railway v. Hudson, 77 Tex. 497, 14 S. W. 158; Dupuy v. Burkitt, 78 Tex. 340, 14 S. W. 789. The assignment cannot be sustained.

[2] By his third assignment, appellant complains that the court erred in refusing to permit the witness Martin to testify that the defendant had been required to surrender the house in which she was living at New Willard because of her lewd conduct and general reputation for unchastity. An examination of the testimony of this witness discloses that he was permitted and did testify as to the general reputation of the defendant for chastity at New Willard. He was not asked, and did not undertake to testify, why she was required to surrender the house; but plaintiff undertook to prove by the witness what reason Mr. Hobbs, who directed the witness to notify defendant to move, assigned for requiring defendant to vacate the house. This was objected to by defendant as hearsay, and the objection was sustained, and we think correctly so. The assignment is overruled.

[3] By his fourth assignment, appellant complains that the court erred in refusing to grant him a new trial upon several grounds set out in the motion. By his first proposition under this assignment, he contends that his motion for new trial should be granted, because he had proved by the testimony of several witnesses that since the separation of

appellee from appellant her general reputation for chastity had been bad. The record shows that such proof was made; but, on the other hand, the defendant testified that such reputation was not justified by her course of conduct, and in this she was corroborated by other witnesses. She, in support of her cross-action against appellant, testified to a state of facts that warranted the jury in finding in her favor, if they believed the testimony offered in her behalf to be true. The testimony was conflicting, and the verdict of the jury in her favor is conclusive, so far as this court is concerned. This answers the second proposition urged by appellant under the fourth assignment, which is that the verdict of the jury is contrary to the law and the evidence, in that it was not only shown that appellee's general reputation for chastity was bad, but it was further shown that the facts, as set forth in her cross-bill, could not possibly have been true. There is no merit in the third proposition that the verdict was so unintelligible that a judgment could not be entered thereon. The assignment is overruled.

[4] The fifth assignment complains of the refusal of the court to grant appellant a new trial because of newly discovered evidence. This assignment is without merit, because appellant failed to show in his application any diligence to discover the evidence; nor does he show that he did not know of the evidence at the time of the trial, and gives no reason or excuse why the evidence was not known to him at such a time as to avail himself of the benefit of it at the trial. Johnson v. Flint, 75 Tex. 380, 381, 12 S. W. 1120. The assignment is overruled.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.