STEVENS et al. v. PORTER et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 3, 1912. Rehearing Denied Jan. 31, 1912.)

1. APPEAL AND ERROR (§.742*)—ASSIGNMENTS OF ERROR—STATEMENTS.
Assignments of error, not followed by statements, will not be considered.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR — STATEMENTS — REFERENCE TO BILLS OF EXCEPTION.
References to bills of exception and the statement of facts are not sufficient statements to follow assignments of error.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.
An assignment of error, followed by a statement so imperfect as to be unintelligible, will not be considered.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS—SUFFICIENCY.
Assignments of error complaining of the refusal of special charges will not be considered, where the statements do not refer to the special charges.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by William Stevens against D. C. Porter and others. From a judgment for defendant Porter and two other defendants,

plaintiff and other defendants appeal. Affirmed.

I. B. Henyan, for appellants. W. A. H. Miller, F. Vandervoort, and N. A. Rector, for appellees.

FLY, J. This suit was instituted by William Stevens against O. C. Porter and 13 other persons, and, while in form an action of trespass to try title, was in truth a suit to establish a boundary between two certain surveys in Dimmit county, known as surveys 2 and 3. The trial resulted in a verdict and judgment for O. C. Porter, E. H. Porter, and A. Eardly, three of the defendants. This appeal was perfected by William Stevens and Winchester Kelso and May Joyce Kelso, his wife. The verdict and judgment placed the boundary between survey No. 2 and survey No. 3 1,900 varas from the northwest and southwest corners of survey No. 2, block No. 3, Texas & New Orleans Railroad Company.

[1, 2] There is no clear preliminary statement of the cause of action; the brief even failing to indicate who were plaintiffs and defendants in the lower court. There are no statements under the first, second, third, fourth, fifth, sixth, seventh, ninth, thirteenth, and fourteenth assignments, and they will not be considered. References to bills of exceptions and the statement of facts are not statements, and that they will not be considered has been often held by appellate courts. Johnson v. Flint, 75 Tex. 379, 12 S. W. 1120; Bayne v. Denny, 21 Tex. Civ. App. 435, 52 S. W. 983; Taylor v. Davidson, 120 S. W. 1018; Henyan v. Trevino, 137 S. W. 458.

[3] The statement under the eighth assignment of error, which is adopted under the tenth, eleventh, and twelfth assignments, is so imperfect as to be unintelligible, and those assignments will not be considered. A consideration of the assignment would entail the labor of reading most of the testimony, which it is not incumbent on this court to do. Railway v. Pool, 135 S. W. 641.

[4] The fifteenth, sixteenth, and seventeenth assignments of error complain of the refusal to give special charges requested by appellants, but no mention is made of the charges, nor a synopsis of them given, in the statements, which do not seem to have any connection whatever with the assignment of error. They will not be considered.

The assignments of error from the eighteenth to the thirty-fourth, inclusive, are not followed by statements.

The issues were fairly submitted to the jury, and, although the brief has not evoked it, we have examined the facts, and conclude that they sustain the verdict of the jury.

The judgment is affirmed.