SANDERS et al. v. MOORE et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 19, 1913. Rehearing Denied May 17, 1913.)

1. ADVERSE POSSESSION (§ 117*)—FINDINGS.
A special finding as to how long a certain strip had been inclosed was properly refused in trespass to try title, where the court found that all of the land sued for had been in defendants' peaceable and adverse possession since 1886.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 117.*]

2. APPEAL AND ERROR (§ 1071*) — HARMLESS ERROR.
Any error in finding that plaintiff in trespass to try title failed to show that the land was included in the boundaries of his section was harmless to plaintiff where the court's finding was in defendants' favor under the ten years statute of limitations.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

3. ADVERSE POSSESSION (§ 31*) — NOTICE TO OWNER—KNOWLEDGE—PRESUMPTION.
Plaintiffs were presumed to know the true location of their boundaries and were bound to take notice of the inclosure of a part of their land.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 128–133; Dec. Dig. § 31.*]

4. TRESPASS TO TRY TITLE (§ 35*)—PLEADING —NOT GUILTY.
Under a plea of not guilty in trespass to try title, evidence was admissible that the south boundary of the land claimed had been agreed on by the predecessors in title of the parties hereto as the correct boundary between the surveys.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 50–52; Dec. Dig. § 35.*]

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Suit by J. A. Sanders and another against Mrs. M. J. Moore and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

J. C. Randel, of Anson, for appellants. Kirby & Davidson, of Abilene, for appellees.

DUNKLIN, J. J. A. Sanders and I. H. Elder instituted this suit in trespass to try title to recover a strip of land consisting of about 73 acres in Jones county. In addition to a plea of not guilty the defendants interposed pleas of limitation of five and ten years and from a judgment in their favor plaintiffs have appealed.

The suit was tried without a jury and the trial judge filed findings of fact and conclusions of law which are as follows:

"First. Plaintiffs showed a regular chain of title from the state of Texas to themselves, to the north 200 acres of section 8, block 16, Texas & Pacific Railway Company survey of which the land in controversy was claimed by them to be a part.

"Second. Defendants and those through whom they claim have had peaceable and adverse possession of the land described in plaintiffs' petition, using and enjoying same since the summer of 1886 to the time of the trial.

"Third. T. N. Beard, who acquired all of section 8, block 16, on November 18, 1889, agreed with the Montgomerys, who then had possession of the land in controversy, on the

south line of the land described in plaintiffs' petition as the boundary line between the said Beard and the said Montgomerys from the time said agreement was made, and said T. N. Beard and those claiming under him down to September 11, 1906, the time plaintiffs acquired title to the north 200 acres of section 8, which title they hold under the said T. N. Beard, recognized and acquiesced in said line as being the boundary between said parties, and neither the said T. N. Beard nor any person claiming under him ever asserted any title to any part of the land north of said line, until plaintiffs filed this suit.

"Fourth. Plaintiffs failed to show that the land in controversy was really included in the boundaries of section 8, but in view of the other facts in the case, this becomes immaterial.

"From the foregoing findings of fact, I conclude as a matter of law as follows:

"Defendants have title to the land in controversy under the 10 years statute of limitation, and the boundary having been agreed upon as above found, said agreement is binding upon the plaintiffs who claim under the said T. N. Beard, and they are not entitled to recover herein."

The evidence shows without dispute that the east end of the fence on the south boundary of the land in controversy was moved south about 15 feet, thus including within the inclosure a strip 15 feet wide which was not within the original inclosure under which defendants claim title by limitation.

[1] By the first assignment of error appellants complain of the refusal of the trial court to comply with their request for a special finding as to how long the strip last mentioned had been inclosed. The court found that all the land sued for by plaintiffs had been in peaceable and adverse possession of the defendants since the summer of 1886. This was sufficient and there was no error in refusing the request for the additional finding mentioned.

It is next insisted that the evidence conclusively shows that the strip of land last mentioned had not been inclosed "for the space of 10 years, but shows only to be inclosed since some time in the year 1901 or 1902." The suit was instituted March 8, 1912. Hence, if the strip was inclosed any time prior to March 8, 1902, the defense of the 10 years limitation was sustained. Furthermore, we are of the opinion that the evidence was sufficient to sustain a finding that it was inclosed more than 10 years prior to the institution of the suit and that defendants and those through whom they claim had had peaceable and adverse possession of the same during all that time.

The third assignment reads as follows: "The court erred in holding that there was an agreement between one T. N. Beard, a former owner of north part of said section No. 8, and the defendants as to the boundary lines between section No. 8 and section No. 5." The

proposition submitted under that assignment reads: "The mere conclusion of the witness that there was an agreement between two parties on a boundary line is not sufficient evidence to show a binding agreement." In the statement following this proposition even the testimony set out, to which no objection appears in the record, shows more than a mere conclusion of the witness that there was such an agreement; it is direct and positive evidence of such agreement.

It is next insisted that the court erred in sustaining the plea of 10 years limitation for the reason that the evidence shows that J. R. Montgomery, through whom defendants claim limitation, did not hold the land by limitation but by deed. While this witness testified that it was never his intention to hold any land except that described in his deed, it is quite clear from his testimony that he thought the description in his deed included the land in controversy; that he placed his fences accordingly and that he claimed all the land within that inclosure adversely. Furthermore, the evidence tends to show that the description of the land in the deed under which he claimed was sufficient to include the land in controversy.

By another assignment it is insisted that at all events the evidence does not clearly show that the strip of land 15 feet wide and mentioned above was inclosed for 10 years prior to the institution of the suit. In this assignment, as in the third noted above, it is insisted that "the testimony of the defendants conclusively shows that the fence along the south side of the Moore tract was moved south 15 feet some time in the years 1901 or 1902." As already stated, if it was so moved prior to March 8, 1902, the 10 years limitation was complete. While some of the evidence tended to show that the fence was moved subsequent to 1902, still we are of the opinion that there was other evidence sufficient to sustain the court's finding on the defense of 10 years limitation for the 15-foot strip.

[2] The finding that plaintiff failed to show that the land in controversy was really included in the boundaries of section 8 is assailed by another assignment. If that finding be incorrect, the error was harmless in view of the finding in defendants' favor on the plea of 10 years limitations.

[3] It is further insisted that the evidence shows that defendants' possession was taken and held in such manner as to evince a fraudulent purpose on the part of defendants and those under whom they claim to conceal the true boundary between section 8 and section 5. Hence such suppression was not available for the purpose of invoking the plea of limitation. The facts relied upon to support this contention were as follows: Section 5 adjoining section 8 on the north was conveyed by the Franko-Texan Land Company to J. V. Trapscott who in turn con-

veyed it to John H. Montgomery. In the deed from the Franko-Texan Land Company to Trapscott the length of the east boundary line of section 5 was given as 379 varas while in the deed from Trapscott to John H. Montgomery the length of that line was given as 713 varas and the fence on the south boundary line of the land in controversy was built to conform to what would have been the south boundary of section 5 if its east boundary had been 713 varas in length. Even though it should be said that Montgomery in taking the deed from Trapscott knew that the east boundary of section 5 was not more than 379 varas in length, we are yet unable to perceive how that fact would constitute such a fraud on the plaintiffs as would prevent Montgomery and his subsequent vendees from invoking the statute of limitation. Plaintiffs were presumed to know the true location of their north boundary line and were bound to take notice of the inclosure of a part of their land whether the inclosure was by virtue of an erroneous description in the deed to Montgomery or without a deed, and the fact that Montgomery's deed contained a description which would include a part of plaintiffs' land placed plaintiffs in no worse position than Montgomery's possession without such a deed.

[4] By another assignment the contention is made that the court erred in finding that the south boundary of the land claimed in the suit had been agreed on by T. N. Beard, the former owner of section 8, and the Montgomerys who were former owners of section 5 as a correct boundary line between those two surveys. The basis of this contention is that defendants did not plead such an agreement. Such a plea was unnecessary for the reason that the defense was available under the plea of not guilty. Johnson v. Flynt, 75 Tex. 379, 12 S. W. 1120. Furthermore, the finding of the court upon the plea of 10 years limitation was sufficient of itself to support the judgment.

By the ninth and last assignment it is insisted that the facts show this suit to be a suit to establish a boundary line between section 8 and section 5 and that the statute of limitations did not apply. As noted already the suit was in the form of trespass to try title and in addition to the plea of not guilty defendants interposed pleas of limitations. The evidence in the record was sufficient to show possession by appellees adverse to appellants. The description of the land contained in the more recent deeds under which they claim title covered the land in controversy and the evidence warranted a finding that appellees never recognized the validity of appellants' claim of record title to the land. Such being the pleadings and evidence, the controversy was not merely one to establish the true boundary line between the properties claimed by the parties as shown by their respective deeds, but was essentially a suit in trespass to try title. Hence the assignment now under discussion is overruled.

The judgment is affirmed.