**SMITH v. SIMPSON et al.**

No. 1569.

Court of Civil Appeals of Texas. Eastland.
Sept. 18, 1936.

Rehearing Denied Oct. 9, 1936.

Smith & Smith, of Anson, for appellant.

R. E. Rodgers, of Hamlin, and Coombes & Andrews, of Stamford, for appellees.

GRISSOM, Justice.

Appellant filed suit in trespass to try title' to the east 50 feet of lots 23 and 24, block 19, Moore addition to the town of Hamlin, against appellee Simpson. Simpson was a tenant, and, on his motion, Mrs. McGee answered in the suit alleging that she was the landlord of Simpson and that she entered her appearance on her own accord as well as on the motion of Simpson under article 7369, R.S.1925; both landlord and tenant then answered by general denial and plea of not guilty. Upon a trial to the court without a jury, judgment was entered that plaintiff take nothing against said defendants, from which judgment the appellant (plaintiff below) has perfected his appeal to this court.

The necessary facts may be briefly stated as follows:

In 1933 one Gray recovered judgment against W. J. McGee and wife and execution was issued and levied upon the east 50 feet of said lots, and appellant purchased same at execution sale. Simpson was in possession and operating a filling station thereon and refused to surrender possession to appellant and continued to pay rent to Mrs. McGee. There seems to be no dispute of the fact that the McGees at the time the judgment was rendered occupied a house situated on said lots as their homestead; that long after said premises were impressed with the homestead character they built on a portion of said lots a filling station which was operated by the McGees until the death of Mr. McGee on April 1, 1934; that while Mr. McGee was sick and shortly before his death Mrs. McGee as a matter of necessity rented the filling station to Simpson "by the month." Mrs. McGee testified that thereafter she continued each month to rent the filling station to Simpson because she was physically unable to operate it, but that she intended to resume the operation thereof when able to do so; that she reserved space for her desk and chair in the filling station; that she had about $1,500 in outstanding accounts which she kept there, and that she went to the station as often as possible in an attempt to collect these delinquent accounts.

Under appellees' plea of not guilty they were permitted to introduce proof that the property in question was the homestead of Mrs. McGee. After the close of the testimony and argument of counsel the court permitted Mrs. McGee, over the objection of the appellant, to file a trial amendment specifically pleading the homestead character of the property in controversy, which action of the court constitutes the basis of the appellant's first assignment of error.

Evidence of the homestead character of the premises in controversy was admissible under the appellees' plea of not guilty. Therefore, if the court erred in permitting the filing of the trial amendment under the circumstances here disclosed, which it is unnecessary for us to decide, such error was harmless in view of the fact that the evidence was admissible under the pleadings on file when such testimony was introduced.

"*Defenses Available under Plea of not Guilty.* 'Much latitude is allowed in suits to recover title and possession of real estate when the plaintiff's petition is in the ordinary form of an action of trespass to try title and is met with only a plea of not guilty.'

"The plaintiff's suit being in form an action of trespass to try title, the defendant, without any special pleading as a predicate therefor, is entitled to give in evidence any lawful defense except that of limitation. The statutory provision is as follows: 'Under such plea of not guilty the defendant may give in evidence any

524

lawful defense to the action except the defense of limitation, which shall be specially pleaded.'

" 'Any defense which could, under the ordinary rules of pleading, be set up by general or special denial, or in confession and avoidance, or in estoppel, may be urged upon the plea of not guilty, except limitation or improvements in good faith.' The defendant may invoke any legal or equitable defense which tends to defeat the plaintiff's right to recover, and introduce any matter which is to operate defensively and which does not involve affirmative relief. . 'That is because such a suit is possessory, and any bar that can be properly raised to defeat an entry may be interposed.' " 41 Tex.Jur. § 138, pp. 631, 632.

"Under the plea of not guilty, and without special pleading, the defendant may interpose the defenses of * * * homestead rights. * * *" 41 Tex.Jur. § 139 p. 633. Also see 33 Tex.Jur. p. 478, 479.

"Under the plea of not guilty, the defendants had the right to interpose any defense, except limitation." Johnson v. Flint et al., 75 Tex. 379, 12 S.W. 1120.

Where the plaintiff's suit is one in trespass to try title, the statute expressly provides that the only necessary defensive plea is that of not guilty. Article 7372, R.S.1925. Tyler v. Thomas (Tex.Civ. App.) 297 S.W. 609; Thomas v. Tyler (Tex.Com.App.) 6 S.W.(2d) 350; Fertitta v. Toler (Tex.Civ.App.) 43 S.W.(2d) 467; Toler v. Fertitta (Tex.Com.App.) 67 S.W. (2d) 229; 12 Tex.Law Review, 521.

We do not believe that the right of Mrs. McGee to prove the homestead character of the premises in controversy under her plea of not guilty was in any manner affected by the fact that only the tenant was originally sued, and that she entered her appearance in the case in the manner in which she did. Article 7369, R.S.1925, provides that when a suit in trespass to try title is "commenced against a tenant in possession, the landlord may enter himself as the defendant, or he may be made a party on motion of such tenant; and he shall be entitled to make the same defense as if the suit had been originally commenced against him."

 We find the original pleadings and the evidence sufficient on the question of homestead to sustain the judgment of the court. The entire premises were impressed

with the homestead character long before the filling station was erected. It was built for the purpose of furnishing the McGees a livelihood. After Mr. McGee's death the rent from the station constituted practically the sole income of Mrs. McGee—the fact that she rented a part of the homestead from month to month while she continued to occupy the remainder, without the intention of abandoning any portion of the homestead, did not operate to terminate its homestead character. Schultz et al. v. Schultz (Tex.Civ.App.) 45 S.W.(2d) 312, 313; Bogart v. Cowboy Bank & Trust Co. (Tex.Civ.App.) 182 S.W. 678, 681; Mayfield Co. v. Owens (Tex.Civ.App.) 65 S.W.(2d) 343; Sargeant v. Sargeant (Tex.Civ.App.) 19 S.W. (2d) 382; Texas Const. art. 16, § 52.

The authorities cited by the appellant, to wit, Clem Lumber Co. v. Elliott Lumber Co. (Tex.Com.App.) 254 S.W. 935, and Shonaker v. Citizens' Loan & Inv. Co. (Tex.Civ.App.) 8 S.W.(2d) 566, as holding that proof of homestead is not admissible under a plea of not guilty, do not sustain the proposition. Neither case was a suit in trespass to try title, and pleas of not guilty were not filed.

 There is another reason, we think, why the judgment must be affirmed. If it be conceded that some portion of the lots was not homestead, or had been abandoned as such, then the burden was upon the plaintiff to show a segregation of that portion from the part that was admittedly homestead. We find no such proof in the record. The sale by the sheriff of 50 feet off the east end of said lots was an arbitrary designation of that portion of the property as apparently not being necessary for the use of the homestead. There was no physical separation of the portion of the premises on which the filling station was situated and that portion on which the residence was situated. The filling station house occupied a space of about 13. by 16 feet. The station and the residence used the same water system. There was no proof as to the space used in occupying the residence and that used in operating the station. The division line fixed at 50 feet was imaginary so far as this record reveals. There was no fence between the two. There was no constructive segregation, such as the execution of a deed, or a lien, by Mrs. McGee, separating the two portions of her property. See Real Estate Land Title & Trust Co. v. Beryle (Tex.

Civ.App.) 88 S.W.(2d) 767, 769, and authorities there cited.

We have carefully considered all of appellant's assignments of error, and they are overruled. The judgment of the trial court is affirmed.