American Soda Fountain Company et al. v. A. B. Mason.

Decided May 1, 1909.

**Appeal from Justice Court—Evidence—Jurisdiction.**

It is only from final judgments in a Justice Court that appeals are allowed to the County Court; a transcript prepared and certified as provided by the statute is the only legal evidence of the rendition of such a judgment in the Justice Court, therefore in the absence of such a transcript, in a case originating in a Justice Court and appealed therefrom to the County Court, a Court of Civil Appeals can not say that the County Court had jurisdiction and, hence, that the Court of Civil Appeals has jurisdiction. The jurisdiction of the County Court must be made to appear affirmatively. Presumptions will not be indulged.

Appeal from the County Court of Haskell County. Tried below before Hon. Joe Irby.

*Nelson & Pool* and *J. A. Kibler,* for appellant Texas C. R. R. Co.

*S. W. Scott* and *Thompson & Thompson,* for appellant American Soda Fountain Co.

*H. G. McConnell* and *Gordon B. McGuire,* for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment of the County Court in appellee's favor for one hundred and ninety-one dollars and seventy-five cents, with foreclosure of a carrier's lien on a soda fountain and fixtures. The record shows without dispute that the amount in controversy is less than two hundred dollars, and hence that under the Constitution the County Court was without original jurisdiction. It has, however, appellate jurisdiction to try causes involving such an amount which have been tried and disposed of in a Justice's court, and the record before us indicates that this suit so originated, but the legal evidence of its disposition in that court does not appear. We can not, therefore, entertain the appeal, it being the rule well established that before we are empowered to proceed, the record must affirmatively show that the court *a quo* had jurisdiction. The record contains only what purports to have been the pleadings of the parties in this case in the Justice's Court, and an appeal bond filed and approved by "G. W. Lamkin, Justice of the Peace," on the 6th day of May, 1908, which recites that on the 21st day of April, 1908, appellee had recovered a judgment for the sum of one hundred and eighty-eight dollars and ninety cents, with legal interest from the date of the judgment and all costs of suit, and that a motion for new trial had been overruled on the 27th day of that month.

The following articles of the statute relating to the practice in the Justice's Court are pertinent to the question presented, viz.:

"Art. 1643. The judgment shall be recorded at length in the justice's docket, and shall be signed by such justice. It shall clearly state the determination of the rights of the parties in the subject matter of controversy and the party who shall pay the costs, and shall direct the issuance of such process as may be necessary to carry the judgment into execution."

"Art. 1668. Any party to a final judgment in the Justice's Court may appeal therefrom to the County Court where such judgment or the amount in controversy shall exceed twenty dollars exclusive of costs, and in such other cases as may be expressly provided by law."

"Art. 1670. The party appealing, his agent or attorney, shall, within ten days from the date of the judgment, file with the justice a bond with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that the appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal. When such bond has been filed with the justice the appeal shall be held to be thereby perfected," etc.

"Art. 1673. Whenever an appeal has been granted from the Justice's Court to the County Court it shall be the duty of the justice who made the order immediately to make out a true and correct copy of all the entries made on his docket in the cause and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs taken from his fee book and the original papers in the cause, to the clerk of the County Court of his county."

"Art. 1674. Such transcript and papers shall, if practicable, be transmitted to the clerk of the County Court on or before the first day of the next term of such court; but if there be not time to make out and transmit the same to the first term they may be so transmitted on or before the first day of the second term of the court."

It thus appears that it is from final judgments only that appeals are allowed from the Justice's Court to the County Court, and that the legal evidence of the fact of a rendition of such judgment is a transcript of the same, together with all other entries made on the justice's docket, officially certified thereto by the justice. There is no transcript from the Justice's Court in the record before us, and we can not, therefore, say from the evidence so specifically required by the law that the controversy between the parties to this suit ever proceeded to a final determination and judgment in the Justice's Court. We do not think mere recitations in an original paper that the law requires to be sent up with the transcript can be made to supply the officially certified copy of the judgment and other entries which the statute provides. We are not allowed, as we understand the rule, to indulge presumptions in aid of the County Court's jurisdiction, but the same must be made to affirmatively appear. (Texas & P. R. R. Co. v. Jordan, 83 S. W., 1105; Penn Fire Ins. Co. v. Pounders, 84 S. W., 666; Merrick v. Rodgers, 46 S. W., 370.)

We conclude that the appeal must be dismissed.

*Dismissed.*