TEXAS GLASS & PAINT CO. v. DARNELL LUMBER CORP. et al. (No. 7395.)

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1912. On Rehearing, April 8, 1916. Rehearing Denied May 6, 1916.)

1. APPEAL AND ERROR ⟨⟩512—RECORD—JURISDICTION—TRANSCRIPT.

The finding of the trial judge on appeal from a justice of the peace that the suit was filed and tried in the justice court, and an appeal duly perfected to the county court, does not supply the omission of the justice court's transcript, and is not a sufficient showing that the county court acquired appellate jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. ⟨⟩512.]

2. APPEAL AND ERROR ⟨⟩635(2) — RECORD—CORRECTION—CONFLICT OF RULES.

Under Court of Civil Appeals rule 1 (142 S. W. x), providing that on receipt of the transcript by the clerk of the court he shall determine whether jurisdiction of the court is shown, and, if not, notify the attorney for the appellant, who shall have a reasonable time in which to amend the record, and rule 22, as amended (142 S. W. xii), requiring the appellant to prepare the transcript in accordance with the rules, the appellant should be given an opportunity to perfect the record before ruling that the county court had no jurisdiction of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2776, 2829; Dec. Dig. ⟨⟩635(2).]

3. APPEAL AND ERROR ⟨⟩501(2) — RECORD—EXCEPTIONS.

In an action by the buyer and consignee of two pieces of plate glass against the seller and shipper and the carrier, where the carrier's exception to the allegations in the petition as to price paid for the glass shipped in place of that damaged on the ground that it was not a proper measure of damages as to it was sustained, the Court of Civil Appeals, in the absence of an exception by the appellant, the seller, noted of record and presented in an assignment to the sustaining of the exception, could not consider the correctness of the court's ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2301; Dec. Dig. ⟨⟩501(2).]

4. PLEADING ⟨⟩387—CONFORMITY TO PLEADINGS.

A party asking affirmative relief must lay a predicate for the relief sought in the pleadings, and, to entitle him to such relief, the proof must sustain the allegations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1300–1304; Dec. Dig. ⟨⟩387.]

5. CARRIERS ⟨⟩136—ACTION FOR DAMAGES—PLEA OVER IN DIRECTED VERDICT.

In an action by the buyer and consignee of two pieces of plate glass against the seller and the carrier to recover amount paid for a third shipment after one of the pieces had been broken, where the shipper's pleading over against the carrier did not allege any negligence of the carrier and there was no proof thereof in the agreed statement of facts, instructing a verdict against the shipper and in favor of the carrier was proper.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 478, 596–598; Dec. Dig. ⟨⟩136.]

6. SALES ⟨⟩413—BREACH OF CONTRACT—ACTION FOR DAMAGES—PLEADING.

In such action, where the buyer's pleadings alleged the sale of the glass to be delivered at its place of business for a stipulated sum, which allegations were not denied, and where the agreed statement of facts showed a purchase as alleged, and that, when the box was opened, one of the pieces of glass was broken and worthless and was refused, and that upon notification by the buyer the seller shipped another piece of glass at an invoice price, which the buyer paid, the buyer, whose action was predicated upon the seller's contract for safe delivery, would be entitled to recover the contract price, without reference to the seller's negligence in packing the glass for shipment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1166–1169; Dec. Dig. ⟨⟩413.]

7. SALES ⟨⟩420—BREACH OF CONTRACT—ACTION FOR DAMAGES — PLEADING — DIRECTED VERDICT.

In such action, where the buyer's allegation that the glass was broken in shipment before it reached the buyer's place of business was not denied, and there was no allegation or proof

that such breakage occurred subsequent to its arrival, a directed verdict for the buyer against the seller was proper.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1202; Dec. Dig. ☞420.]

Appeal from Tarrant County Court; Charles T. Prewitt, Judge.

Action by the Darnell Lumber Corporation against the Texas Glass & Paint Company and the Gulf, Colorado & Santa Fé Railway Company, with plea by the Texas Glass & Paint Company for judgment over against the Railway Company. Judgment for plaintiff against the Texas Glass & Paint Company, and for defendant Railway Company against the plaintiff and its codefendant, and the latter appeals. Judgment affirmed.

Alexander, Power & Ridgway, of Ft. Worth, for appellant. Turner & Bradley, L. M. Levy, Lee & Lomax, and W. D. Smith, all of Ft. Worth, for appellees.

SPEER, J. This is an appeal from a judgment of the county court of Tarrant county for civil cases in an action in which the sum of $136.03 is in controversy. There is nothing in the transcript to show that the county court of Tarrant county for civil cases ever acquired jurisdiction over the cause and its judgment therefore is reversed, and the cause remanded for another trial. There is in the transcript an agreed statement of the case and the facts proved, in which agreement it is stipulated that the suit originated in the justice's court, precinct No. 1, Tarrant county, and resulted in a judgment in favor of the plaintiff against the defendant, and that the defendant railway company appealed to the county court of Tarrant county for civil cases, filed its appeal bond, as required by law, and that the transcript of the judgment from the justice's court was duly filed in said county court, but the transcript contains no other evidence of these facts, and for the reasons given in American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714, these recitations are insufficient. The statute (Rev. St. 1895, art. 1014) provides that in all cases of appeal or writ of error to the Courts of Civil Appeals the trial shall be on a statement of facts, or agreed statement of the pleadings and proof, etc. But it is nowhere provided that such agreement may take the place of those jurisdictional facts which are required by other provisions of the statute to be shown in the transcript; the "agreed statement" contemplates only the "pleadings and proof."

Reversed and remanded. See Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618.

On Rehearing.

BUCK, J. On December 21, 1910, the appellee Darnell Lumber Corporation, a corporation, instituted this suit in the justice court of Tarrant county, Tex., against the appellant, Texas Glass & Paint Company, a corporation, and the appellee Gulf, Colorado & Santa Fé Railway Company, a corporation, to recover damages in the sum of $136.03. Before trial was had the plaintiff amended, asking a judgment for only $125.53, and made the following pleading: On or about the 16th day of March, 1910, the Darnell Lumber Corporation purchased from the Texas Glass & Paint Company, of Dallas, Tex., two certain pieces of plate glass, to be delivered to the lumber corporation at Ft. Worth, at an agreed price of $210, or $105 each. Upon the arrival of the glass in Ft. Worth one piece was found to be broken, and being thereby rendered valueless, was refused by the consignee. Thereafter, upon notification of the one glass having been broken, the Glass & Paint Company shipped another piece of glass to replace the one that had been broken in the original shipment, for which the Darnell Lumber Corporation paid $125.53; the additional charge having been made by the Glass & Paint Company because it did not have in stock glass of the dimensions ordered, and it was necessary to take a larger piece of glass and cut it in size to suit. The Darnell Lumber Corporation paid for both pieces of glass, the one broken and the one ordered to replace the broken one. It was further alleged in plaintiff's petition that the defendants, both the Glass & Paint Company and the railway company, undertook to deliver to plaintiff the glass heretofore described, and, "so far from delivering the said goods in the condition in which they had agreed to deliver the same, delivered said goods in a condition which totally destroyed their value, as the same was broken and shattered; that therefore defendants became liable to plaintiff for said amount so paid by plaintiff."

In the justice court judgment was rendered for plaintiff against both defendants for $125.53, and judgment in favor of defendant glass and paint company against the defendant railway company for a like amount. The railway company appealed to the county court. In the county court the Glass & Paint Company did not deny selling the glass in controversy, nor that according to the terms of the contract it was to be delivered to plaintiff at Ft. Worth, but pleaded orally only, in part as follows:

"The Texas Glass & Paint Company allege that we packed the glass in the proper and usual manner of packing glass for such shipments. Two men who have had several years experience packed this glass, experienced in the business, and they did everything that was proper to do to protect it in the shipment and deliver it in good condition to the Santa Fé Railway Company in Dallas; * * * put it in the car in proper condition for shipment to the Darnell Lumber Company at Ft. Worth, Tex. We ask further, though, that if in case you should find a judgment against us jointly with the Santa Fé Railway Company for the amount sued for that you should give the Texas Glass & Paint Company a judgment over against the Santa Fé Railway Company for whatever amount is found against the two; that we are

not liable, and did everything that was proper in forwarding it to the railroad company, and then we ask that we be recompensed for the loss of that glass which would be what we would be entitled to if we delivered it in good condition."

The railway company excepted to the allegations in plaintiff's petition as to the efforts made or prices paid to replace the broken glass on the ground that it was not a proper measure of damages as to it, being special in its nature, and the railway company not being liable for such damages, in any event in the absence of notice at the time the contract of shipment was made, which exception was sustained by the court. For special answer it alleged contributory negligence on the part of the plaintiff and its codefendant, Texas Glass & Paint Company, in that "the glass was improperly and insufficiently crated for shipment, the box being too large, and not sufficient packing around said glass to prevent the glass from coming in contact with the sides of the box," and that "if the glass was broken while in possession of this defendant that the breaking of said glass was due to the inherent defects or weakness of the glass itself, and was not due to improper handling on the part of this defendant."

Judgment was rendered for plaintiff against the Texas Glass & Paint Company for the amount prayed, and in favor of the railway company against the plaintiff and against its codefendant, the glass and paint company. The Texas Glass & Paint Company appealed.

[1, 2] On April 27, 1912, the judgment of the court below was reversed and remanded for a new trial in an opinion by Associate Justice Speer because the record did not contain a transcript of the proceedings in the justice court, and, in the opinion of this court, such omission would necessitate the judgment rendered. Thereafter there were filed in the order mentioned the following motions: First, a motion for rehearing by appellee railway company; second, a motion to certify by appellee railway company; third, a motion for rehearing by Darnell Lumber Corporation; fourth, a motion for certiorari by Darnell Lumber Corporation; fifth, a motion to retax costs by Darnell Lumber Corporation. Action on all of these motions was deferred pending the answer of the Supreme Court on certified questions in the case of Patrick v. Pierce, 183 S. W. 441, from Parker county. In this certificate a similar condition of the record as to the justice court transcript was presented, and the following questions were propounded to the Supreme Court, to wit:

"(1) Is the finding of fact by the trial judge that the suit was filed and tried in the justice court, and an appeal duly perfected to the county court, a sufficient showing that the county court acquired appellate jurisdiction?

"(2) If the above question be answered in the negative, was it erroneous for the Court of Civil Appeals to consider the appeal without first suggesting to the appellant the absence of any showing that the county court had acquired appellate jurisdiction of the suit, and, according to him, an opportunity to correct the record?"

In answer to the certified questions above set out the Supreme Court on March 25, 1916, held, in substance: (1) That the finding of the trial judge did not supply the omission of the justice court transcript; and (2) that the appellant should have been given an opportunity to perfect the record before it was ruled that the court had no jurisdiction of the appeal—citing Wells v. Driskell, 105 Tex. 77, 145 S. W. 333; Rule 1, (142 S. W. x) governing courts of Civil Appeals; Rule 22 (142 S. W. xii), as amended in H. & T. C. R. R. Co. v. Parker, 104 Tex. 162, 135 S. W. 369. With reference to rule 22 the Supreme Court says:

"This amendment, as stated in the opinion of Associate Justice Ramsey, was for the purpose of meeting the court's departure in a number of cases from the rule originally announced in Ross v. McGowen, 58 Tex. 603; and under it, when read in connection with the opinion, it is plain that no correction of the record for any purpose is permissible after the submission of the cause.

"The judgment of the county court in the present case was rendered July 28, 1911, at a time, therefore, when both rules were in force. It is evident that the two rules are in conflict. As applied to this case, the appellant, under rule 1, was entitled to an opportunity to perfect the record so as to evidence the court's jurisdiction before his appeal was disposed of (Wells v. Driskell); whereas, under amended rule 22, it was incumbent upon him to discover the omission, and his right to supply it was lost upon the submission of the case. Under this state of conflict in the rules, we think the question should be resolved in favor of the appeal. It is therefore held that the appellant should have been given an opportunity to bring the justice court transcript before the court by means of writ of certiorari before the appeal was acted upon and the cause remanded on account of the jurisdiction of the court not being shown; and the writ should now be allowed."

In accordance with the holding of the Supreme Court, as hereinabove set out, in Patrick v. Pierce, supra, the following orders will be made by this court, to wit: (1) The motion of appellee Gulf, Colorado & Santa Fé Railway Company for rehearing will be granted and the order and judgment of this court of date April 27, 1912, reversing and remanding, will be set aside; (2) appellee railway company's motion to certify will be overruled; (3) appellee Darnell Lumber Corporation's motion for rehearing will be granted; (4) appellee Darnell Lumber Corporation's motion for certiorari will be granted, and the clerk will be ordered to file the transcript of the proceedings in the justice court, which in due form was presented in connection with said motion for certiorari, and which motion is concurred in by all parties litigant. Consideration of the remaining motion, to wit, appellee Darnell Lumber Corporation's motion to retax costs (in the event its other two motions should be overruled), will be deferred at present and

disposed of later in the course of this opinion.

[3, 4] We will now proceed to consider the assignments presented by appellant, Texas Glass & Paint Company. Appellant's first and second assignments of error are directed: First, to the action of the court in directing a verdict for the defendant Gulf, Colorado & Santa Fé Railway Company against the appellant; and, second, directing a verdict for the defendant railway company. As before noted, the appellee railway company excepted to the allegations made in plaintiff's petition as to the price paid for the glass, on the ground that it was not a proper measure of damage as to it, and the exception was sustained by the court. There was therefore no allegation of any amount for which the railway company was sought to be held, or could be held, liable to either plaintiff or appellant. In the absence of an exception by the appellant noted of record and presented to this court in an assignment to the action of the trial court in sustaining the railway company's exception, we cannot here consider the question of the correctness of the court's ruling, but it will be noted that the appellant's cause of action, if any, against the railway company, was for negligence in the transportation of the glass which was broken, while the plaintiff's cause of action against the appellant arose under an alleged contract for delivery at Ft. Worth of said glass. A party asking an affirmative relief must lay a predicate for the relief sought in his pleadings, and to entitle him to such relief the proof must sustain such allegations.

[5] In this case there was neither allegation of negligence on the part of the railway company in appellant's pleadings, nor proof in the agreed statement of facts. The only proof offered by the plaintiff was as to the contract price of the glass, and this proof was by the court limited in its application to the appellant. It was not admitted for any purpose as against the appellee railway company. Since appellant neither by allegation nor proof supported any cause of action against the appellee railway company, it follows that the trial court did not err in instructing a verdict against the appellant and in favor of the railway company as to appellant's plea over. See Galveston Electric Co. v. G. & W. Ry. Co., 58 Tex. Civ. App. 427, 123 S. W. 1140; McGreal v. Wilson, 9 Tex. 426; Fordtran v. Ellis, 58 Tex. 252; Dupuy v. Burkitt, 78 Tex. 338, 14 S. W. 789.

[6] With reference to the propriety of the instructed verdict in favor of the plaintiff and against the appellant, it is sufficient to say that in plaintiff's pleadings it alleged the sale of the glass by the appellant to be delivered to plaintiff at Ft. Worth for a stipulated sum, and on appellant's part there was not even a general denial of plaintiff's allegations. The agreed statement of facts shows the purchase of the glass as alleged in plaintiff's petition and upon the terms therein set out; that when the box was opened at Ft. Worth the glass was broken and smashed to such an extent that it was of no value to the plaintiff company, and it was refused; that upon notification by Darnell Lumber Corporation of the condition in which the glass was received the appellant company shipped another piece of glass at the invoice price of $125.53; and that plaintiff paid for both pieces of glass. Plaintiff's cause of action against the appellant being predicated upon a contract for safe delivery at Ft. Worth, and no question being made as to its right to recover, if at all, the price for the second glass, its right of recovery would not depend upon a showing that appellant was negligent in packing or preparing the glass for shipment, but it would be entitled to recover the contract price paid without reference to such negligence. Therefore we are of the opinion that appellant's first and second assignments must be overruled.

[7] The third assignment urges error in the action of the court in giving a peremptory instruction for plaintiff against the appellant. In the absence of even a general denial on the part of appellant of the allegations in plaintiff's petition that the glass was broken in shipment—that is, before it reached Ft. Worth—and in the absence of any allegation or plea on the part of appellant to the effect that such breakage did occur subsequent to the arrival of the shipment at Ft. Worth, and in the absence of any proof that such breakage occurred subsequent to the delivery at Ft. Worth, the court was authorized to give an instructed verdict, and the assignment is overruled.

Other assignments attack the ruling of the court in excluding certain testimony on the part of appellant's witnesses to the effect that said witnesses loaded in appellee railway company's car at Dallas the shipment "in good condition," and that "the glass was sound and safe after we loaded it on the car," etc. But because of the absence of sufficient pleadings on the part of appellant to entitle it to recover against the appellee railway company, and because of the condition of appellant's pleadings with reference to the claim of plaintiff against it, as before discussed, we are of the opinion that the questions presented in these other assignments become immaterial, and therefore the assignments are overruled.

All assignments having been overruled, the judgment of the trial court is in all things affirmed, and the costs of this appeal are, in compliance with the prayer of the appellees, and the motion of appellee Darnell Lumber Corporation, heretofore mentioned, taxed against the appellant; and it is so ordered.