F. PATRICK v. T. E. PIERCE.

No. 2442. Decided March 8, 1916.

1.—Appeal from Justice Court—Jurisdiction—Transcript—Findings.

On appeal from the County Court in a case originating in Justice Court, the transcript of the proceedings in Justice Court should be embodied in that on appeal, in order that the jurisdiction of the County Court and consequently that of the Court of Civil Appeals may appear. Only unusual conditions, such

as impracticability of obtaining such transcript, will excuse its absence. A finding by the County Court that the suit was filed and tried in Justice Court and an appeal duly perfected will not take the place of such transcript nor suffice to show jurisdiction. (Pp. 621, 622.)

**2.—Same—Certiorari to Complete Record.**

The conflict appearing between Rule 1 for Courts of Civil Appeals (providing for notice of defect in the record and opportunity to perfect it before submission) and Rule 22 as amended on March 15, 1911 (Houston & T. C. R. Co. v. Parker, 104 Texas, 165), making parties responsible for proper preparation of record and forbidding correction thereof after cause is submitted, should be resolved in favor of the appeal and opportunity allowed for correction by certiorari after submission when notice of defect has not been given before. (Rules amended to obviate conflict.) (Pp. 622, 623.)

Questions certified from the Court of Civil Appeals, Second District, in an appeal from Parker County.

*Stennis & Wilson,* for appellant.

*Wood & Shadle,* for appellee.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit originated in the Justice Court, and from the judgment rendered in County Court an appeal was perfected to the Court of Civil Appeals. There, the judgment was reversed and the cause remanded because of the absence of a transcript of the proceedings in the Justice Court, as required by article 2396, Revised Statutes of 1911, this being necessary, in the opinion of the Court of Civil Appeals, to evidence the jurisdiction of the County Court. In the findings of fact of the trial judge it was recited that the suit was filed and tried in the Justice Court and an appeal duly perfected to the County Court.

A motion for rehearing having been filed, also a motion for writ of certiorari, joined in by both appellant and appellee, for the bringing before the court of a certified copy of the Justice Court transcript, the original of which was alleged to be on file in the County Court, the Court of Civil Appeals has certified, among others, the following questions:

1. Is the finding of fact by the trial judge that the suit was filed and tried in the Justice Court and an appeal duly perfected to the County Court, a sufficient showing that the County Court acquired appellate jurisdiction?

2. If the above question be answered in the negative, was it erroneous for the Court of Civil Appeals to consider the appeal without first suggesting to the appellant the absence of any showing that the County Court had acquired appellate jurisdiction of the suit, and according to him an opportunity to correct the record?

In Wells v. Driskell, 105 Texas, 77, 145 S. W., 333, Mr. Justice Dibrell, speaking for the court, recognizes that in cases originating in the Justice Court the established rule of practice is to require that a

transcript of its proceedings be embodied in the record of the Court of Civil Appeals to the end that the jurisdiction of the intermediate court and, therefore, of the Court of Civil Appeals may be affirmatively evidenced; and holds that it must be observed except where, because of some unusual condition, it is not possible or practicable for the appellant to obtain such a transcript for the purposes of the record. Nothing is disclosed here which brings the suit within the exception. The finding of the trial judge did not, therefore, supply the omission of the Justice Court transcript; and the first question is so answered.

On the second question, in the then state of the rules for the government of the Courts of Civil Appeals, we think the appellant should have been given an opportunity to perfect the record before it was ruled that the court had no jurisdiction of his appeal. Rule 1 reads:

"The clerks of the Courts of Civil Appeals shall receive the transcripts delivered and sent to them, and receipt for the same if required, but they shall not be required to take a transcript out of the postoffice, or an express office, unless the postage or charges thereon be fully paid. Upon receipt of the transcript it shall be the duty of the clerk to examine it in order to ascertain whether or not, in case of an appeal, notice of appeal and a proper appeal bond or affidavit in lieu thereof (where bond is required) have been given; and in case of a writ of error, whether or not the citation in error appears to have been duly served, and error bond or affidavit in lieu thereof (where such bond is required) appears to have been filed. If it seem to him that the appeal or writ of error has not been duly perfected he shall note on the transcript the day of its reception and refer the matter to the court. If, upon such reference, the court shall be of opinion that the transcript shows that the appeal or writ of error has been duly perfected, they shall order the transcript to be filed as of the date of its reception. If not, they shall cause notice of the defect to issue to the attorneys of record of the appellant or plaintiff in error, as the case may be, to the end that they may take steps to amend the record, if it can be done, for doing which a reasonable time shall be allowed. If the transcript does not show the jurisdiction of the court and if after notice it be not amended, the case shall be dismissed."

By this rule it is plainly provided that upon its receipt the clerk of the Court of Civil Appeals shall examine the transcript for the purpose of seeing whether the jurisdiction of the court is shown; and if it is not, notice to that effect shall be given the attorney of record for the appellant or plaintiff in error, who shall have a reasonable time in which to amend the record, if that can be done, so as to evidence the jurisdiction.

On March 15, 1911, in Houston & Texas Central Railroad Company v. Parker, 104 Texas, 162, 142 S. W., 12, this court, without abrogating or modifying rule 1, amended rule 22, effective on the same day, so as to read as follows:

"A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance

with the rules prescribed for the government of the District and County Courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a re-hearing."

This amendment, as stated in the opinion of Associate Justice Ramsey, was for the purpose of meeting the court's departure in a number of cases from the rule originally announced in Ross v. McGowen, 58 Texas, 603; and under it, when read in connection with the opinion, it is plain that no correction of the record for any purpose is permissible after the submission of the cause.

The judgment of the County Court in the present case was rendered July 28, 1911, at a time, therefore, when both rules were in force. It is evident that the two rules are in conflict. As applied to this case, the appellant, under rule 1, was entitled to an opportunity to perfect the record so as to evidence the court's jurisdiction before this appeal was disposed of (Wells v. Driskell); whereas under amended rule 22 it was incumbent upon him to discover the omission, and his right to supply it was lost upon the submission of the case.

Under this state of conflict in the rules we think the question should be resolved in favor of the appeal. It is therefore held that the appel-lant should have been given an opportunity to bring the Justice Court transcript before the court by means of a writ of certiorari before the appeal was acted upon and the cause remanded on account of the juris-diction of the court not being shown; and the writ should now be allowed.

This determination of the second question renders unnecessary the consideration of the other questions certified.

This is the first occasion we have had to note the conflict between the two rules, and we will relieve it by proper action.