## ABDO v. TALLALLOS.　(No. 7092.)

(Court of Civil Appeals of Texas.　San Antonio.　Feb. 6, 1924.)

**Appeal and error ⚖⟳1091(3) — Judgment of justice's court held insufficiently shown to sustain an appeal.**

On appeal from a judgment of the county court in a suit which originated in the justice's court, where the justice filed no transcript of proceedings before him, as required by Rev. St. art. 2396, the court cannot presume from a recitation in the appeal bond that judgment was rendered, nor can it presume that the county court acquired jurisdiction of the cause, but must dismiss the cause.

Appeal from County Court for Civil Cases, Bexar County; McCollum Burnett, Judge.

Action by Jose Tallallos against Sophia Abdo, brought in justice court and appealed to the county court. From judgment for plaintiff, defendant appeals. Dismissed.

L. B. Camp, of San Antonio, for appellant.
W. R. Parker, of San Antonio, for appellee.

FLY, C. J. This suit originated in a justice's court, where appellee sued appellant on an account for $195. Judgment was obtained in the county court on appeal for $80.

The record contains no transcript of the proceedings in the justice's court. If the cause was ever filed in that court, citation issued, and a trial had, the record in this court fails to disclose it. Article 2396, Revised Statutes, requires the justice of the peace when an appeal has been perfected, by filing an appeal bond, to make out a true and correct copy of all the entries on his docket in the cause, and certify thereto officially, and transmit the same, together with a certified copy of the bill of costs and the original papers in the cause, to the clerk of the county court. If a judgment was rendered in the justice's court, of any kind, the record does not show it, and this court has no means of knowing that any final action was taken in the justice's court. The recitation in the appeal bond cannot be taken as proof that a judgment was rendered. The Legislature had a reason for requiring that all the proceedings in the justice's court be certified to and sent up with the original papers to the county court. We cannot indulge in a presumption that the county court had jurisdiction of the cause. That court may have had jurisdiction, but this court has no knowledge of that fact. American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714; Cariker v. Dill (Tex. Civ. App.) 140 S. W. 843; Johnson v. Gibson (Tex. Civ. App.) 240 S. W. 667.

For the reason that the record herein contains no transcript from the justice's court, the cause is dismissed.