### CARROLL v. SORRELLS. (No. 571.)

Court of Civil Appeals of Texas. Waco.
Nov. 3, 1927.

Rehearing Denied Jan. 26, 1928.

Justices of the peace ⬅159(10)—County court erroneously dismissed appeal from justice court for failure to file lost appeal bond.

Where, on appeal from justice court, the justice of the peace failed to file with the transcript the original appeal bond, which had been lost, whereupon appellant offered to substitute the bond either in justice court or in county court in lieu of one that was lost, dismissal of appeal by county court was erroneous.

Appeal from Coryell County Court; Joe H. Eidson, Judge.

Suit by D. M. Sorrells against Mrs. A. V. Carroll. Judgment for plaintiff in justice court, and, from a judgment dismissing defendant's appeal therefrom, defendant appeals. Reversed and remanded, with directions.

T. R. Mears, of Gatesville, for appellant.
McClellan & Cross, of Gatesville, for appellee.

BARCUS, J. Appellee filed suit in the justice court against appellant to recover $45 which he claimed was due him for serv-ices rendered in cleaning out a well. Appellant, by cross-action filed in said suit asked for judgment against appellee for $190 for damages which she claimed appellee had caused her by having damaged said well in attempting to clean it out. Appellee recovered judgment in the justice court on November 15, 1926, for the amount sued for, and appellant was denied a recovery on her cross-action. She gave notice of appeal and filed the statutory bond as required by law for double the amount of the judgment rendered against her. The transcript from the justice court was filed in the county court February 11, 1927. At the March term of court, 1927, appellee filed his motion to dismiss the appeal from the justice court because the justice of the peace had failed to file with the original papers and the transcript from his court the original appeal bond executed by appellant, which motion was sustained and the appeal dismissed. Appellant assigns error to the action of the court in dismissing the appeal.

It appears without dispute that the transcript from the justice court and all the original papers filed therein, except said bond, were filed in the county court within the time prescribed by law. It is an uncontroverted fact, and found to be true by the trial court, that a proper appeal bond was approved and filed by the justice of the peace within the time prescribed by law. It further appears without dispute that the justice of the peace had lost the original appeal bond and for said reason had failed to transmit it to the county court. Appellant offered to substitute a new bond and offered to have a duplicate of the original bond filed and approved in the justice court and filed in the county court, but the county court refused to permit either to be done. There is no contention that appellant was or is in any way to blame for the justice of the peace having lost said bond. The Supreme Court, in the case of Wells v. Driskell, 105 Tex. 77, 145 S. W. 333, held that the purpose of the transcript from the justice court is to *show* and not to *give* jurisdiction to the appellate court. In the same opinion the court stated, in substance, that it was the duty of the appellant where practicable to use diligence to procure and have filed the transcript and original papers where an appeal has been perfected from the justice to the county court, and then used this language:

"But to say that this mode of proving the jurisdiction of the appellate court in such cases is exclusive would be to establish a rule too fast and harsh; for there might arise circumstances under which a party desiring to appeal might lose that valuable right by reason of no fault of his. Suppose the record of the justice of the peace was lost or destroyed, and it was impossible to procure a transcript, it would not be contended that, for lack of a transcript, no

appeal could be had. This would be a denial to a litigant of a valuable .legal remedy without any fault or dereliction on his part. * * * An appeal is perfected by the giving.of a proper bond, where one is required; and, as to whether such bond has been given is a question of fact, to be ascertained by the appellate court as any other fact may be ascertained."

To the same effect is the holding in Blalock v. Slocomb (Tex. Com. App.) 245 S. W. 648; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441.

It appearing from the record that appellant offered to substitute the bond in the justice court, from which the appeal was perfected, and then have the substituted bond filed in the county court, or agreed to file a substitute bond in the county court in lieu of the one that was lost, and it further appearing without dispute that a sufficient bond was filed with and approved by the justice of the peace, who tried the cause in the justice court, it was error for the county court to dismiss the appeal and refuse appellant the right to substitute said bond.

The judgment of the trial court is reversed, and the cause is remanded, with instructions to the trial court to give appellant time in which to have the original bond substituted in the justice court and filed in the county court.