## MAXWELL v. DORIZAS et al.   (No. 1789.)

Court of Civil Appeals of Texas.   Beaumont.
March 6, 1929.

Rehearing Granted April 4, 1929.   Second Motion for Rehearing Denied April 10, 1929.

David E. O'Fiel, of Beaumont, for appellant.

C. E. Pool, of Beaumont, for appellees.

O'QUINN, J.   We gather from the statement of the nature and result of the suit in counsel's brief that this suit originated in a justice court, where appellant sued appellees to recover on a series of seven notes executed by Dorizas, amounting to $130, together with interest and attorney's fees. Judgment was had in the county court on appeal against defendant Dorizas for $143, and his codefendant, J. C. McCane, was discharged with his costs. This appeal is from that judgment.

The record contains no transcript of the proceedings in the justice court. There is nothing to show that the cause was ever filed in the justice court, or any action therein had. Article 2459 (2396—97), Revised Civil Statutes 1925, requires the justice of the peace, when an appeal has been perfected, to make out a true and correct copy of all the entries on his docket in the cause, and certify thereto officially, and transmit same, together with a certified copy of the bill of costs and the original papers in the cause, to the clerk of the county court. If a judgment of any kind was rendered in the justice's court, the record does not show it, and we are without means of knowing that any final action was had in the justice court. The record contains nothing to show that cause was ever in the justice court, and we cannot presume that such was the case, nor can we presume that the county court had jurisdiction of the cause on appeal. If there was anything in the record indicating that the cause was first tried in the justice court, and an appeal taken therefrom to the county court, we would reverse the judgment and remand the cause to the county court, with instructions to dismiss, unless its jurisdiction was properly made to appear. Perry v. Greer, 110 Tex. 549, 221 S. W. 931. But as there is nothing to indicate that the cause originated in or was tried in the justice court, and the case involving a less amount than the county court has original jurisdiction, we have no alternative than to dismiss the appeal. Abdo v. Tallallos (Tex. Civ. App.) 258 S. W. 499; Wells·v. Driskell (Tex. Civ. App.) 131 S. W. 87; American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714.

Appeal dismissed.

### On Motion for Rehearing.

On a former day of this term of this court we dismissed the appeal in this case for want of jurisdiction because the record did not contain a transcript of the proceedings in the justice court. Appellant has filed

a motion for rehearing, and his first proposition is that we erred in holding that he had failed to include in the record a transcript of the justice court proceedings, for in that the same were included in the statement of facts. This contention is overruled. The transcript of the proceedings in the justice court must be in the transcript of the proceedings in the county court, on appeal from the county court to this court, and not in the statement of facts. Its inclusion in the statement of facts is not sufficient. Article 2459 (2396—97), R. S. 1925; American Soda Fountain Co. v. Mason, 55 Tex. Civ. App. 532, 119 S. W. 714; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441.

■ Appellant's second proposition is that we erred in dismissing his appeal without affording him an opportunity to correct the record, by presenting a proper transcript in this court. We dismissed the appeal by virtue of rule 22 for the government of Courts of Civil Appeals, which specifically provides that "all parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing." However, appellant has called our attention to the case of Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441, in which the Supreme Court, in answer to certified questions covering the question here involved, held that rules 1 and 22 for the Courts of Civil Appeals were in conflict, and that the provisions of rule 1 should prevail in favor of the appeal. So, in deference to that holding, we grant the motion for rehearing, and, as appellant has attached a proper transcript to his motion for rehearing, we will accept same and dispose of the case on its merits. See Hamilton v. Hannus (Tex. Civ. App.) 185 S. W. 938; Texas Glass & Paint Co. v. Darnell Lumber Corporation (Tex. Civ. App.) 185 S. W. 965.

### On the Merits.

Maxwell brought this suit in a justice court of Jefferson county against N. D. Dorizas and J. M. McCane to recover on seven notes amounting to $130. The notes sued on were numbered 2 to 8, six for $20 each, and the last for $10. They were to be paid one each month until paid. They provided for interest from date until paid at the rate of 10 per cent. per annum, and also for 10 per cent. attorney's fees if collected by suit. The notes were given by Dorizas to Maxwell in part payment for a filling station lease and certain merchandise, consisting of oils, grease, gasoline, and automobile supplies. Subsequent to the execution of the notes, Dorizas tranferred the filling station lease and supplies to J. M. McCane, and Dorizas defended on the ground that McCane had assumed the payment of the note. In the justice court judgment by default was for Maxwell against Dorizas and McCane. McCane carried the case to the county court at law by certiorari. In the county court at law McCane filed answer of general demurrer, general denial, and sworn plea of non est factum as to the notes, and that he had never ratified, confirmed, or assumed the payment of same. Trial was had to the court without a jury, and resulted in a judgment in favor of Maxwell against Dorizas, and that Maxwell take nothing as to McCane. This appeal is from that judgment.

The trial court filed his findings of fact and conclusions of law. Among other things, the court found that Dorizas sold the filling station to McCane, that the sale was verbal, there being no bill of sale or transfer, and that McCane did not sign the notes in question, and that there was no instrument in writing of any nature showing the assumption of the payment of said notes by McCane. On these findings the court concluded that liability against McCane was not shown, and rendered judgment accordingly.

■ Appellant's first assignment of error is to the effect that the court erred in refusing to consider certain parol testimony to the effect that McCane agreed to pay off and satisfy the notes. The assignment is overruled. If the court had considered the evidence and then rendered judgment against McCane, based upon said evidence, it would have been error. Any such promise of McCane. if made, would have been to answer for the debt, default, or miscarriage of another, not in writing, and therefore in contravention of article 3995, R. S. 1925. What we have said disposes of appellant's second and last assignment of error. The judgment should in all things be affirmed; and it is so ordered.

Affirmed.