## TEXAS INDEMNITY INSURANCE CO. v. MOSS. (No. 578.)

Court of Civil Appeals of Texas. Eastland. May 3, 1929.

Rehearing Denied June 14, 1929.

Conner & McRae, of Eastland, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

HICKMAN, C. J. This appeal is from a judgment of the trial court awarding appellee compensation in the sum of $13.85 per week for a period of 200 weeks, less certain credits for payments already made, which judgment was based upon a finding by the jury that appellee had suffered a total and permanent loss of the use of his right arm. Appellee was a laborer for the Magnolia Pipeline Company, and appellant was the compensation insurer. The appeal from the final decision of the Industrial Accident Board was prosecuted by appellee.

■ The only question which we find it necessary to determine in this opinion is with reference to whether the record discloses the requisite jurisdictional facts to authorize the trial court to enter the judgment. No agreements with reference to any jurisdictional facts were made by the attorneys for appellant in the lower court, but they filed for their client a general demurrer and general denial only, and have insisted from the beginning of the trial in the lower court to this time upon a strict showing of these facts. Since the appeal is a direct attack upon the judgment challenging, among other things, the trial court's jurisdiction, we can indulge in no presumptions in favor thereof, but must look alone to the record for sufficient facts to disclose such jurisdiction. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Harris v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 257 S. W. 998 (error refused); Hood v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 260 S. W. 243; Texas Employers' Ins. Ass'n v. Rodgers (Tex. Civ. App.) 284 S. W. 968; American Employers' Ins. Co. v. Thompson (Tex. Civ. App.) 11 S.W.(2d) 358; Travelers' Ins. Co. v. Peters (Tex. Com. App.) 14 S.W.(2d) 1007.

■ While the burden is upon the plaintiff in the trial court to establish the jurisdictional facts authorizing such court to try de novo a case arising under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), yet there is no fixed rule as to the method of making that showing in that court. The statutes do not require a transcript of the proceedings of the Industrial Accident Board, as is required in an appeal from a justice to a county court. Some of the authorities seem to indicate that certified copies of the proceedings of the Industrial Accident Board should be filed among the papers of the case and brought to this court in a transcript. Other authorities seem to indicate that these jurisdictional facts should be proved as other facts by the evidence upon the trial. Neither method of showing these facts would appear to be exclusive. But it does seem to be the practice not to permit a plaintiff to introduce proceedings of the board in evidence to be considered by the jury. This court, for the purpose of deciding this case, has looked carefully into both the transcript and the statement of facts in an effort to determine whether either discloses affirmatively that the trial court had jurisdiction to hear and determine this cause. This examination has disclosed the following situation:

Appellee, upon the trial, read before the jury the deposition of E. B. Barnes, secretary of the Industrial Accident Board. In answer to various interrogations propounded to him the witness testified that he had attached to his deposition, properly marked for identification, copies of the following instruments, which were filed for record in the office of the Industrial Accident Board in connection with the claim of appellee:

(1) Notice by the employer that it had become a subscriber.

(2) Notice by insurer that it had issued a policy of compensation insurance to the employer.

(3) Claim for compensation filed by appellee through his attorneys.

(4) Final award made by the board in the cause.

(5) Notice of appeal.

Only three of the exhibits were offered in evidence, these three being read to the court and not to the jury. They were:

(1) Notice that employer had become a subscriber.

(2) Notice by insurer that it had issued a policy to employer.

(3) Notice by appellee of appeal from the award of the board.

■ These three exhibits were properly certified by E. B. Barnes as secretary of the Industrial Accident Board. The award nowhere appears in the record, nor does the testimony of Mr. Barnes indicate the date same was made. He states in his deposition (over the objection of appellants that such statement was not the best evidence), that a final award had been made; but, conceding for the purpose of passing on the question presented that such evidence was competent, still it does not disclose *when* such award was made. The only showing in this record of the date of an award is in the notice of appeal given to the board by appellee through his attorneys. This notice recites that the award was made on the 31st day of May, 1928. It was properly admitted in evidence to establish the jurisdictional fact that a notice of appeal had been given, but an ex parte statement contained therein as to the date or fact of an award would not be evidence of such facts. The record further discloses that the case was tried on an amended petition, which was filed several months after the alleged date of the award. Appellee did not offer in evidence the file mark of his original petition that we might know when his suit was instituted.

■ It is stated in appellee's brief that copies of the claim for compensation and the final award of the board were attached to the deposition of Barnes, but that the trial judge would not permit appellee to read same to him, because they were not certified, and a portion of the briefs of the parties in this court is devoted to the question of whether copies, which were stated under oath by the secretary to be true copies of the originals, would answer the same purpose as copies certified to by him. We do not understand that question to be before us. If, as stated in appellee's brief, these copies were attached to the deposition but the court would not consider same, because not certified, it was the appellee's duty, in order to have the question before this court for consideration, to reserve his exceptions to the action of the trial court and bring the excluded instruments here by bills of exceptions. Since he did not do so, we have not this question before us for consideration. It, therefore, becomes our duty, as we see it, to order a new trial, and, since upon the next trial the other questions presented by the appellant will doubtless be eliminated, there is no necessity for us to pass upon them at this time.

Appellee quotes in his brief from the opinion in Georgia Casualty Co. v. Darnell (Tex. Civ. App.) 243 S. W. 582, holding that, when proper papers showing jurisdiction in the trial court are on file therein, same may be brought to the attention of the appellate court by certiorari, even after the filing of a motion for rehearing. We see no objections to such procedure, but, on the other hand, are of the opinion that a liberal policy in that regard should be pursued by appellate courts. In a case where jurisdiction of the trial court in fact attached, we properly have wide latitude in ascertaining that fact. But we would not be authorized to institute an independent investigation of our own to determine what was on file in that court. We must look only to the record brought to us. That record fails to disclose affirmatively that papers were on file therein evidencing its jurisdiction to render the judgment appealed from, and for that reason, without passing upon other assignments, the judgment of the trial court is reversed, and the cause remanded.

### On Motion for Rehearing.

Besides a motion for rehearing there are pending before us appellee's motion for writ of certiorari to perfect the record, appellee's supplemental motion for writ of certiorari to perfect the record, and appellee's second supplemental motion for writ of certiorari to perfect the record, to all of which appellant has replied. Attached to his original motion for certiorari is a supplemental statement of facts duly signed by the trial judge, in which statement of facts are disclosed the exhibits to the depositions, undertaking to show notice of claim to, and final award by, the Industrial Accident Board. This statement of facts shows that these instruments were introduced before the court for jurisdictional purposes, though not read to the jury. In the second supplemental motion for certiorari appellee advises us that since the filing of said original motion Hon. George L. Davenport, before whom the case was tried below, has advised him that he was in error in signing this supplemental statement of facts, and that upon investigation he finds that he did not admit such exhibits in evidence, but sustained the objection of opposing counsel as to the admission of said evidence for jurisdictional purposes. This supplemental statement of facts will, under these circumstances, be disregarded by us. In fact, we understand the attorneys for appellee to abandon the motion to file same as a part of the record.

■ We are now asked in appellee's second supplemental motion for writ of certiorari to permit him to perfect the record by bringing up in the transcript bills of exception reserved by him to the action of the court in excluding these documents, which would have

shown jurisdiction in the trial court. Appellee also asks permission of this court to bring up cross-assignments of error filed by him below, complaining of the action of the trial court in excluding this evidence. He does not attach copies of the bills of exception and cross-assignments, but appellant, in its reply to the motion, has brought up these bills and assignments duly certified by the clerk of the trial court. These bills of exception disclose that certain documents were offered in evidence which were stated to be a claim for compensation and a final award by the Industrial Accident Board, but such instruments are not set out in the bills, and, were we to grant the motion for certiorari, we would be in the same position as we were upon original submission. We would still be unable to tell whether a final award had been made, and, if so, when. The bills of exception would be of no benefit to us in disposing of the jurisdictional question presented.

It also becomes evident that, if we were to grant this motion and permit the filing of this supplement, appellee has no brief containing assignments and propositions thereunder which would invoke our jurisdiction to determine whether the court erred in excluding the offered instruments. Had appellee, in his original brief, attached his cross-assignments and predicated propositions thereon, then it would have been our duty to dispose of the propositions urged. Should we have sustained the propositions, then we could have considered the evidence brought up by the bills of exception, but certainly we could not sustain his cross-assignments when they are not presented to us in any brief with appropriate propositions relating thereto. It is, therefore, apparent to us that to grant these motions would be but to prolong this litigation in this court without profit to any one.

■ Our opinion on original submission was construed by appellant as a suggestion or invitation to appellee to perfect the record after submission, and, while appellant's counsel did not expressly take issue with the court on its right to make such suggestion, still their reply to appellee's motions filed herein indicates that they question our right to make such suggestion and the right to perfect a record after submission. It is our interpretation of the decisions that, where the only question about the completeness of the record is whether or not it properly shows jurisdiction of the trial court, it is not only our right, but it is our duty, by express rule, to notify the parties of the deficiency and afford them an opportunity to supply same. Rule 1 for guidance of Courts of Civil Appeals, 142 S. W. x; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Maxwell v. Dorizas (Tex. Civ. App.) 16 S.W.(2d) 432.

We have afforded appellee the opportunity to perfect his record in the instant case, but, believing that he is unable to do so in such manner as to afford him any relief, we overrule all of his motions, including his motion for rehearing.